## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and between Stefania Leone, an individual residing at 1 Juniper Ridge Road, Trumbull, Connecticut ("Plaintiff" or "Leone"), on the one hand, and The Interpublic Group of Companies, Inc., a Delaware corporation whose principal place of business is located at 909 Third Avenue, Floor 23, New York, New York ("IPG"); FCB Worldwide, Inc., a Delaware corporation whose principal place of business is located at 150 E. 42nd Street, New York, New York ("FCB"); and AREA 23, a New York public company located at 622 Third Avenue, Third Floor, New York, New York (collectively, with IPG and FCB, "Defendants"), on the other hand (collectively, Leone, IPG, FCB and AREA 23 are the "Parties", and are each individually a "Party").

**WHEREAS**, Plaintiff was employed by Defendants as an Executive Assistant from on or about July 26, 2011 until on or about March 15, 2016.

**WHEREAS**, on or about March 23, 2017, Plaintiff filed an action, entitled *Stefania Leone f/k/a Stefania DeSantis v. The Interpublic Group of Companies, Inc., FCB Worldwide, Inc. and AREA 23*, 17-cv-02098, in the United States District Court for the Southern District of New York, alleging claims against Defendants for unpaid overtime wages and retaliation under both the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), as well as failure to timely pay wages, failure to reimburse benefits or wage supplements, and violations of pay notice requirements under the NYLL (the "Action");

**WHEREAS**, Plaintiff wishes to resolve any and all disputes, claims and causes of action of whatsoever kind, nature or description between herself and Defendants, which existed or exist on or before the date this Agreement is executed;

**WHEREAS**, it is expressly understood that Defendants enter into this Agreement solely for the purpose of avoiding further litigation and the cost of ongoing litigation;

**WHEREAS**, the existence and the execution of this Agreement shall not be considered as, and does not constitute, an admission by Defendants of any liability or violation of any federal, state or local law, ordinance, rule or regulation, or of any duty whatsoever with respect to Plaintiff, whether based in statute, common law or otherwise;

**NOW THEREFORE**, in consideration of the undertakings contained in this Agreement, and for other good and valuable consideration, and incorporating the above recitals herein by reference, it is hereby stipulated and agreed to by the Parties as follows:

1. **Plaintiff's Release of Defendants**

    Plaintiff hereby, for herself, her heirs, executors, administrators, successors and assigns and anyone who has or obtains any legal rights or claims through her, forever waives, generally releases, and fully discharges Defendants, their parent(s), subsidiaries, affiliates, divisions, joint ventures and related entities and persons, their successors and assigns, and their past and present directors, officers, agents, attorneys, insurers or insurance carriers, owners, employees, and any fiduciaries of any employee benefit plan or policy (collectively, with Defendants, "Releasees"), of and from any and all claims, in the broadest possible sense, that were and/or could have been brought in this Action and/or that arose as a result of Plaintiff's employment with Defendants, including, but not limited, to, any claims under the FLSA and NYLL and supporting New York regulations ("Released Claims").

2. **Defendants' Release of Plaintiff**

    Defendants, their parent(s), subsidiaries, affiliates, divisions, joint ventures and related entities and persons, and their successors and assigns ("Plaintiff's Releasees"), knowingly and

voluntarily release and forever discharge, to the fullest extent permitted by law, Plaintiff, her heirs, executors, administrators, successors and assigns and anyone who has or obtains any legal rights or claims through her, of and from any and all claims that were and/or could have been brought in this Action and/or that arose as a result of Plaintiff's employment with Defendants, including, but not limited, to, any claims brought under the FLSA and NYLL and supporting New York regulations.

### 3. Payment

In consideration of the Release set forth in Paragraph 1 above, and for other good and valuable consideration, Defendants agree to pay Plaintiff the gross sum of Thirty-Five Thousand Dollars ($35,000.00) (the "Payment"), as full and final settlement of any and all claims Plaintiff has or may ever have had against Releasees. The Payment shall be delivered to Katz Melinger PLLC, 280 Madison Avenue, Suite 600, New York, New York 10016, and allocated as follows: i) one check in the amount of Eleven Thousand Five Hundred Thirty-Three and 34/100 Dollars ($11,533.34), payable to Stefania Leone, from which no withholdings shall be taken; ii) one check in the amount of Eleven Thousand Five Hundred Thirty-Three and 33/100 Dollars ($11,533.33), payable to Stefania Leone, less applicable taxes and withholdings; and iii) one check in the amount of Eleven Thousand Nine Hundred Thirty-Three and 33/100 Dollars ($11,933.33), payable to Katz Melinger PLLC, from which no withholdings shall be taken.

### 4. Timing of Payment; Escrow; Default

Defendants shall deliver the Payment, as well as a pay stub indicating any and all withholdings taken from any portion of the Payment, to Katz Melinger PLLC within thirty (30) days of the execution of this Agreement by Defendants. Should Katz Melinger PLLC receive the Payment before the Court issues an Order approving this Agreement and discontinuing the Action,

Katz Melinger PLLC shall hold the Payment in escrow until the Court issues such an Order, at which time Katz Melinger PLLC is authorized to release the Payment without further notice to Defendants. Should the Payment become due after the Court issues an Order approving this Agreement and discontinuing the Action, Katz Melinger is authorized to release the Payment upon receipt without further notice to Defendants.

Should Defendants fail to timely deliver the Payment to Plaintiff's counsel as described in this Paragraph ("Default"), Plaintiff's counsel shall notify Defendants of the Default in writing ("Notice of Default"). The Notice of Default shall be delivered to Defendants via their VP, Associate General Counsel, Ileana Kutler, via email at ileana.kutler@interpublic.com and via USPS First Class Mail at the address listed for notices under Paragraph 15 of this Agreement. Delivery of the Notice of Default by either email or regular mail shall constitute receipt of the Notice of Default by Defendants. Should Defendants fail to cure the Default within five (5) days of receipt of the Notice of Default, Plaintiff may file a complaint against Defendants for breach of this Agreement without further notice to Defendants. Should Defendants default in their obligations under Paragraph 3 of this Agreement, the Parties agree that Plaintiff will be irreparably harmed and therefore Plaintiff shall be entitled to recover as liquidated damages from Defendants Seventy Thousand Dollars ($70,000.00), crediting Defendants with any payments made in accordance with this Agreement; such sum shall be inclusive of any actual damages but exclusive of attorneys' fees recoverable under this paragraph (the "Liquidated Damages"). The Parties agree and acknowledge that the Liquidated Damages is a fair and reasonable number that could be obtainable by Plaintiff except for the dismissal of this lawsuit and the Agreement. Additionally, Plaintiff shall be entitled to recovery of all reasonable attorneys' fees incurred by Plaintiff as a

result of Defendants' breach of this Agreement, including all efforts by Plaintiff's counsel to enforce a judgment against Defendants related to Defendants' breach of this Agreement.

5. **Claims**

To the fullest extent permitted by law, Plaintiff represents that, other than the Action, Plaintiff has not filed any lawsuits, arbitrations, claims or proceedings of any nature against Defendants. Plaintiff further agrees that she has not and will not file, commence or prosecute any judicial or arbitral action or proceeding against Defendants and/or any of the Releasees based upon or arising out of any act, omission, transaction, occurrence, contract, claim or event existing or occurring on or before the date of this Agreement, except for the rights and obligations contained in or arising out of this Agreement. Defendants agree that they have not and will not file, commence or prosecute any judicial or arbitral action or proceeding against Plaintiff and/or any of the Plaintiff's Releasees based upon or arising out of any act, omission, transaction, occurrence, contract, claim or event existing or occurring on or before the date of this Agreement, except for the rights and obligations contained in or arising out of this Agreement.

6. **Non-Disparagement**

Plaintiff will not, directly or indirectly, make, publish, or issue any communication, written or oral, or cause or encourage others to make such communications, that disparages, criticizes or otherwise reflects adversely or encourages any adverse action against Defendants and their employees, except if testifying truthfully under oath pursuant to lawful court order or subpoena or otherwise responding to or providing disclosures required by law. For the purposes of this Agreement, the terms "disparage" or "disparaging" shall not include truthful remarks, comments, statements or communications (written or oral) regarding the facts underlying Plaintiff's claims or the litigation of this case.

7. **Neutral Reference**

Defendants agree that, in response to any reference request concerning Plaintiff, Defendants shall only provide Plaintiff's dates of employment and job title from Plaintiff's employment with Defendants. Plaintiff shall inform any prospective employer to direct all such reference requests to Lisa Dujat, EVP, Chief Talent Officer, FCB Health, 100 West 33rd Street, New York, NY 10001; lisa.dujat@fcb.com.

8. **Return of Property and Confidential Information**

Plaintiff agrees that all books, handbooks, manuals, files, papers, memoranda, letters, facsimiles, computer software and hardware, slides, tape recordings, photographs or other communications of any kind which she has or had in her possession that were written, authorized, signed, received or transmitted to or from her during her employment with Defendants are and remain the property of Defendants. In addition, Plaintiff acknowledges that she has returned to Defendants all confidential information and property in her possession.

9. **Intellectual Property Rights**

Plaintiff acknowledges and agrees that all concepts, writings and proposals submitted to and accepted by Defendants ("Intellectual Property") which relate to the business of Defendants and which have been conceived or made by Plaintiff during the period of her employment, either alone or with others, are the sole and exclusive property of Defendants or their clients. As of the date hereof, Plaintiff hereby assigns in favor of Defendants all the Intellectual Property covered by this paragraph. On or subsequent to the date hereof, Plaintiff shall execute any and all other papers and lawful documents required or necessary to vest sole rights, title and interest in Defendants or their nominee of the Intellectual Property.

### 10. Capacity

Plaintiff and Defendants each acknowledge that they have the authority and capacity to enter into this Agreement and fully understand the legal effects of executing this document, and each Party hereby waives any right to challenge the enforceability of this Agreement on the grounds that they lacked the authority and/or capacity to enter into this Agreement at the time of its execution. In connection herewith, the Parties hereto represent and warrant that they have been represented by counsel of their choosing.

### 11. Waiver

Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

### 12. Severability

If any provision of this Agreement is held to be unenforceable, such provision shall be considered to be distinct and severable from the other provisions of this Agreement, and such unenforceability shall not affect the validity and enforceability of the remaining provisions. If any provision of this Agreement is held to be unenforceable as written but may be made enforceable by limitation, then such provision shall be enforceable to the maximum extent permitted by applicable law. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

### 13. Modification

This Agreement may not be amended, altered, modified or otherwise changed except by a written stipulation signed by each of the Parties to this Agreement.

**14. Reliance**

Plaintiff and Defendants each hereby acknowledge and represent that this Agreement is executed without reliance upon any agreement, promise, statement or representation by or on behalf of any party except as set forth herein, and hereby acknowledge that no other party hereto nor any agent or attorney of such have made any promises, representations or warranties whatsoever, whether expressed or implied, which are not contained herein in writing concerning the matters set forth herein.

**15. Notice**

Any notice under this Agreement shall be sent by email and First Class Mail. If to Defendants, such notice shall be sent to: Ileana Kutler, VP, Associate General Counsel, Interpublic, 909 Third Avenue, 24th Floor, New York, NY 10022; ileana.kutler@interpublic.com. If to Plaintiff, such notice shall be sent to Katz Melinger PLLC, Attention: Adam Sackowitz, 280 Madison Avenue, Suite 600, New York, New York 10016; ajsackowitz@katzmelinger.com. A Party may change its address or email for notices by providing notice to such effect in accordance with this paragraph.

**16. Governing Law**

This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced, and governed under the laws of said state without giving effect to its conflicts of laws principles. Any action with respect to this Agreement shall be brought exclusively in a court in the State of New York, County of New York, and the Parties hereby consent to the personal jurisdiction of said courts for said purpose.

### 17. Counterparts

This Agreement may be executed in two or more counterparts, and transmitted electronically or via facsimile, all of which shall be deemed an original and which together shall constitute one Agreement.

### 18. Discontinuance of this Action

Upon execution of this Agreement, Plaintiff's counsel shall execute a Stipulation of Discontinuance with Prejudice in the form attached as Exhibit "A", which shall not be filed unless the Court approves this Agreement. Should the Court approve this Agreement, then Plaintiff's counsel shall promptly file the Stipulation of Discontinuance with Prejudice. The Parties agree that they shall not seek reinstatement of this Action in any way.

Should the Court not approve this Agreement in substantially the form as signed and submitted for approval by the Parties, then (a) the Action shall not be dismissed; (b) this Agreement shall be of no force or effect, and no Party shall be bound by any of its terms; (c) nothing in this Agreement, or any of the related negotiations or proceedings, shall be admissible for any purpose, including without limitation in connection with the Parties' rights under 29 U.S.C. § 216(b) and/or Fed. R. Civ. P. 23 in the Action or any other legal action asserting substantially the same claims as those asserted in the Action.

[SIGNATURES ON THE FOLLOWING PAGE]

Dated: June 28, 2017

_____
Stefania Leone

Dated: June 29, 2017

Katz Melinger PLLC

_____
By: Kenneth Katz, Sole Member
As Escrow Agent

Dated: June ___, 2017

The Interpublic Group of Companies, Inc.

_____
By: Andrew Bonzani
Title: Senior Vice President, General Counsel & Secretary

Dated: June ___, 2017

FCB Worldwide, Inc.

_____
By: Andrew Bonzani
Title: Vice President & Secretary

Dated: June ___, 2017

AREA 23

_____
By: Andrew Bonzani
Title: Vice President & Secretary

Dated: June ___, 2017

_____
Stefania Leone

Dated: June ___, 2017

Katz Melinger PLLC

_____
By: Kenneth Katz, Sole Member
As Escrow Agent

Dated: June 29, 2017

The Interpublic Group of Companies, Inc.

_____
By: Andrew Bonzani
Title: Senior Vice President, General Counsel & Secretary

Dated: June 29, 2017

FCB Worldwide, Inc.

_____
By: Andrew Bonzani
Title: Vice President & Secretary

Dated: June 29, 2017

AREA 23

_____
By: Andrew Bonzani
Title: Vice President & Secretary

10

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEFANIA LEONE f/k/a STEFANIA DESANTIS,

                               Plaintiff,                     Civil Action No:
                                                                  17-cv-02098

                            -against-

THE INTERPUBLIC GROUP OF COMPANIES, INC., FCB
WORLDWIDE, INC., and AREA 23,

**STIPULATION OF DISCONTINUANCE WITH PREJUDICE**

                              Defendants.
------------------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys of record for all parties to the above-entitled action, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, the above-entitled action be, and the same hereby is, discontinued with prejudice, and without costs, disbursements, expenses or fees to any party.

Dated:       New York, New York
              29 day of June, 2017

Adam Sackowitz
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
(212) 460-0047
ajsackowitz@katzmelinger.com
Attorneys for Plaintiff

Ileana H. Kutler
Vice President, Associate General Counsel
Interpublic
909 Third Avenue, 24th Floor
New York, New York 10022
(212) 704-1361
ileana.kutler@interpublic.com
Defendants