UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

STEFANIA LEONE f/k/a STEFANIA
DESANTIS,

                Plaintiff,

                -v-

THE INTERPUBLIC GROUP OF COMPANIES,
INC., FCB WORLDWIDE, INC., and AREA 23,

                Defendants.

------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 12, 2017

17-cv-2098 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

        On March 23, 2017, plaintiff Stefania Leone filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the New York Labor Law ("NYLL").  (ECF No. 1.)  On June 14, 2017, the parties advised the Court that they had reached a settlement in principle.  (ECF No. 14.) Subsequently, on June 30, 2017, the parties submitted papers to support the fairness of the proposed settlement.  (ECF Nos. 18, 19.)

        The proposed settlement is for a total of $35,000.  (ECF No. 18 at 3; see ECF No. 19 at 2.)  Terms of the settlement provide that plaintiff Stefania Leone is to receive $23,066.67 and $11,933.33 is to be allocated to Katz Melinger PLLC for attorneys' fees, costs, and expenses.[1]  (ECF No. 18 at 3.)  Having reviewed the settlement, the Court is satisfied that it is fair and reasonable.  See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).  The Court therefore

---

[1] This amount represents $11,533.33 in attorneys' fees and $400 in costs and expenses.  (See ECF No. 19 at 4 n.2.)

APPROVES the proposed settlement. The Court also APPROVES the allocation of attorneys' fees and costs in the agreed upon amount of $11,933.33.

I. DISCUSSION

    A. <u>Approval of the Settlement Agreement</u>

The FLSA and its case law protects employees from being coerced into settling claims by requiring that a settlement either be supervised by the Secretary of Labor or be made pursuant to a judicially supervised settlement agreement. <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199, 206 (2d Cir. 2015), <u>cert. denied</u>, 136 S. Ct. 824 (2016). Before entering a judgment, "the parties must satisfy the Court that their agreement is 'fair and reasonable.'" <u>Santos v. Yellowstone Properties, Inc.</u>, Case No. 15-cv-3986, 2016 WL 2757427, at *2 (S.D.N.Y. May 10, 2016) (quoting <u>Velasquez v. SAFI-G, Inc.</u>, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015)).

To evaluate whether a settlement meets this threshold, the Court looks to the totality of the circumstances, including:

> (1) the plaintiffs range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;" (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel," and (5) the possibility of fraud or collusion.

<u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting <u>Medley v. Am. Cancer Soc.</u>, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010) (other citations omitted)).

Factors that weigh against settlement approval "include the following: (1) 'the presence of other employees situated similarly to the claimant'; (2) 'a

2

likelihood that the claimant's circumstance will recur'; (3) 'a history of FLSA noncompliance by the same employer or others in the same industry or geographic region'; and (4) the desirability of 'a mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.'" Id. (citation omitted).

Having reviewed the settlement in this case, the Court is satisfied that it is fair and reasonable. See Cheeks, 796 F.3d at 206. There are no signs of fraud or collusion, and the settlement here was the product of arms-length bargaining by experienced counsel. Both plaintiff and defendants are represented by attorneys experienced in wage-and-hour litigation.

Plaintiff faced litigation risks concerning her claims and potential recovery if she pursued her claims at trial. Specifically plaintiff recognizes the difficulty proving her claims for unpaid overtime wages given that prior to June 2014 she was properly compensated for all hours and after June 2014 she continued to submit her own timesheets. (See ECF No. 19 at 3.) The settlement allows all parties to avoid litigation risks, as well as the need for additional litigation expense. (Id.) None of the factors that weigh against settlement approval appear to be present in this case.

Therefore, having considered the totality of the circumstances, the Court finds that the settlement agreement is fair and reasonable.

B.  Approval of Attorneys' Fees

"Under the FLSA and the [NYLL], a prevailing plaintiff is entitled to reasonable attorneys' fees and costs." Anthony v. Franklin First Fin., Ltd., 844 F. Supp. 2d 504, 506 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1)). Attorneys' fees are intended "to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." Sand v. Greenberg, No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010); see also Braunstein v. Eastern Photgraphic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978) (explaining that the FLSA "should be given a liberal construction" because of its "broad remedial purpose").

Attorneys' fees in FLSA settlements are subject to the Court's approval, however. See 29 U.S.C. § 216(b); Velasquez, 137 F. Supp. at 585. Plaintiffs "bear[ ] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011).

The Court has reviewed the fees requested by plaintiff's counsel, including the attorney billing logs. (ECF Nos. 19, 19-1.) The Court notes that the amount of fees for which plaintiff's counsel seeks reimbursement ($11,533.33) represents one-third of the total settlement amount of $35,000 after subtracting the $400 in filling costs. The amount of attorneys' fees requested is also slightly below plaintiff's counsels' lodestar amount, calculated using the hourly rates of $350 and $275 per hour. (See ECF No. 19 at 4; ECF No. 19-1.) These billing rates fall within the

range of fees for experienced employment-law litigators that courts in this District have found to be reasonable. See Vasquez v. TGD Grp., Inc., No. 14-cv-7862, 2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016); see Agudelo v. E & D LLC, No. 12-cv-960, 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013) (awarding lead counsel $350 per hour); Carrasco v. West Village Ritz Corp., No. 11-cv-7843, 2012 WL 2814112, at *7 (S.D.N.Y. July 11, 2012) ("Courts in this District have determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450.").

Accordingly, the Court approves the proposed award of attorneys' fees and costs in the amount of $11,933.33 as fair and reasonable.

II.   CONCLUSION

For the foregoing reasons, the settlement agreement (ECF No. 18) is approved as fair and reasonable in all respects.

The Clerk of Court is directed to terminate this action.

SO ORDERED.

Dated:    New York, New York
          July 12, 2017

_____
KATHERINE B. FORREST
United States District Judge

5